MARTUCCI et al. v. HILLS BROS. CO. et al.

(Supreme Court, Appellate Division, Third Department. January 18, 1916.)

MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION—AWARD—STANDARD OF LIABILITY.

　　Decedent, a syrup boiler in defendant company's fruit canning establishment, left his work of boiling syrup to help another employé start a freight elevator, which had become immovable through the fouling of its cable. The elevator was used generally by decedent and other employés in handling supplies and in other incidental ways. Decedent worked the cable loose, which caused the elevator to fall, inflicting his fatal injury. *Held* that, though decedent was a common laborer, the employer was liable under the provision therefor of section 10 of the Workmen's Compensation Act (Laws 1914, c. 41).

Appeal from State Industrial Commission.

Proceedings under the Workmen's Compensation Act by Michelena Martucci, on behalf of herself and Raffaela Martucci, her daughter, and Tony Martucci, Mattia Martucci, Giuseppi Martucci, and Vincenzo Martucci, sons of Vincenzo Martucci, deceased, and the State Industrial Commission to recover for the death of Vincenzo Martucci, opposed by the Hills Bros. Company, employer, and the Frankfort General Insurance Company, insurance carrier. From the grant of an award, the Hills Bros. Company and the insurance carrier appeal. Award approved.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

William A. Jones, Jr., of New York City, for appellants.

Jeremiah F. Connor, of New York City, and Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., of counsel), for respondents.

WOODWARD, J. [1] Hills Bros. Company were engaged in canning and preserving fruits at an establishment conducted in Brooklyn, and the claimant's husband, Vincenzo Martucci, had been employed by the company for about seven years as a general laborer. He was at the time of the accident, under which this claim arises, employed as a syrup boiler, but was called upon from time to time to make use of a freight elevator in bringing glucose to his boiling pot. This same elevator seems to have been used by other employés in a like manner, no one being regularly employed to operate it. On the 31st day of March, 1915, decedent was at work on the third floor of the company's building when one Kelly, another employé, came down with the elevator from the fifth floor and stopped at the third. In some manner the operating cable became engaged with the floor of the elevator, and it refused to move either up or down. Kelly asked one of the employés to help him, but this particular employé looked at the elevator and walked away without rendering aid. Two others came to the point, one of them being the decedent. The latter jumped down into the elevator car, which had stopped just below the third

floor, and grabbed hold of the operating cable with his hands, and so manipulated it that the obstruction was removed and the car fell to the basement, taking the decedent with it, producing injuries from which he subsequently died. The State Industrial Commission has awarded compensation to decedent's widow and family, and the employer and the insurance company appeal to this court from such award.

No complaint is made as to the amount of the awards, but it is urged that the decedent was not injured in the manner prescribed by the Workmen's Compensation Law (Laws 1914, c. 41) to entitle his family to compensation. The appellants' theory is that the decedent, who was employed as a syrup boiler, did not receive his injury while engaged in boiling syrup, and that the personal injuries were not, therefore, "sustained by the employé arising out of and in the course of his employment," as provided by section 10 of the act in question. There is evidence in the case to the effect that the work of the decedent was that of a syrup boiler, and that he was thus engaged when the elevator came to a standstill and refused to move, and it is contended that, the Hills Bros. Company having provided an engineer whose duty it was to make all repairs in machinery, the act of the decedent in attempting to aid Kelly in starting the elevator was outside of his duties, and that the insurance did not cover his case.

It is doubtless true that the facts would not support a judgment under the common law, nor under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204); but the Workmen's Compensation Act contemplates charging the industrial life of the state with the burden of accidents incident to such industry, within the limits fixed by the act, and we are not prepared to hold that a common laborer is not in "the course of his employment" when he steps aside from his immediate employment to give an incidental aid to a fellow employé in the operation of a freight elevator, which is operated in common by all of the employés. ·It does not appear that the elevator had been broken or damaged; merely that it had ceased to respond to the operating cables, and to say that a man who is at work near the point may not lend a hand in starting this elevator without sacrificing his rights under the law, is too narrow a construction to apply in the construction of the statute. If the decedent had himself been using the elevator as Kelly was doing—and this was among his duties—there would have been no doubt of his being protected while trying to start the elevator, even though the Hills Bros. Company had employed an engineer to make repairs, and no good reason suggests itself why he might not have left his boiling pots for a few moments to aid a fellow laborer in an effort to start this same elevator.

We think the award of the State Industrial Commission should be approved. All concur.